**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**KELANA FAYE CUNNINGHAM,**

      **Petitioner,**

**v.**                                            **Case No. 4:11cv185-RH/CAS**

**J.V. FLOURNOY, WARDEN,**[1]
**FCI Tallahassee,**

      **Respondent.**

                                  **/**

## REPORT AND RECOMMENDATION TO DENY § 2241 PETITION

On April 29, 2011, Petitioner Kelana Faye Cunningham, proceeding pro se, filed

a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and a supporting

memorandum.  Docs. 1 and 2.  Respondent filed an answer to the petition on October

21, 2011, with attachments containing relevant administrative records.  Doc. 11.  Some

of the attachments were filed under seal.  *See* Docs. 12 (motion for leave to file under

seal attachments 3, 4, and 7), 13 (order granting motion to file under seal attachments

3, 4, and 7).  Petitioner filed a reply on November 2, 2011.  Doc. 14.  Petitioner has also

---

[1]When Petitioner filed the § 2241 petition, she named William Taylor, Warden, FCI Tallahassee, as the Respondent.  Because J.V. Flournoy is now the Warden at FCI Tallahassee, the Clerk of Court shall substitute him as the Respondent, pursuant to Federal Rule of Civil Procedure 25(d).

filed a "Disposition" indicating she "is scheduled to release to half-way house custody May 28, 2014."  Doc. 8.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  After careful consideration, the undersigned concludes Petitioner is not entitled to federal habeas relief and, accordingly, this § 2241 petition should be denied.

## Background and Procedural History

On April 16, 1999, local authorities in Shelby County, Tennessee, arrested Petitioner and charged her with seven counts of aggravated robbery and one count of attempted aggravated robbery, violations of Tennessee law.  *See* Doc. 11 Declaration of Bryan Erickson at 3; Attach. 3.[2]  On January 25, 2000, the Tennessee Criminal Court sentenced Petitioner to sixteen (16) years in prison for these offenses.  *See* Doc. 11 Decl. at 3; Attach. 3 at 8-12.

Meanwhile, on May 6, 1999, in case number 99-CR-0031, in the United States District Court for the Northern District of Mississippi, Petitioner was indicted for two counts, carjacking and brandishing a firearm during a crime of violence, in violation of Title 18 U.S.C. § 2119 and 18 U.S.C. § 924(c), respectively.  *See* Doc. 11 Decl. at 3;

---

[2]The Attachments to Respondent's Answer include the Declaration of Bryan Erickson (hereinafter "Decl."), designated as 11-1 on the Court's electronic case management (CMECF) docket, and Attachments thereto (hereinafter "Attach.") 1 through 11, designated as 11-2 on the electronic docket (except for the sealed Attachments).  This Report and Recommendation cites to the Attachments as they appear in printed paper form ("Decl." and "Attach.").

Attach. 3 at 3.  On June 12, 2000, the U.S. Marshals Service removed Petitioner from the custody of the State of Tennessee Department of Corrections pursuant to a federal writ of habeas corpus ad prosequendum issued by the U.S. District Court for the Northern District of Mississippi.  *See* Doc. 11 Decl. at 3; Attach. 4.  On June 16, 2000, following entry of a guilty plea to both counts in case number 99-CR-0031, the federal court sentenced Petitioner to a total of 130 months in prison, 46 months on Count 1 and 84 months on Count 2, to be served consecutively; followed by a term of three (3) years of supervised release on Count 1 and five (5) years of supervised release on Count 2, to run concurrently.  *See* Doc. 11 Decl. at 4; Attach. 5.

On June 19, 2000, Petitioner was returned to the custody of the State of Tennessee, to complete her state prison term.  *See* Doc. 11 Decl. at 4; Attach. 4.  The U.S. Marshals, Northern District of Mississippi, placed a detainer on Petitioner with the Tennessee Department of Corrections.  *See* Doc. 11 Decl. at 4.  On September 15, 2005, Petitioner completed her state prison term and was released on parole to the U.S. Marshals Service to begin serving her federal prison sentence.  *See* Doc. 11 Decl. at 4; Attachs. 7 and 8.  The Bureau of Prisons (BOP) prepared a sentence computation for Petitioner, based on her 130-month prison term commencing September 15, 2005.  *See* Doc. 11 Decl. at 5; Attach 1.

Petitioner is currently incarcerated at the Federal Correctional Institution (FCI) in Tallahassee, Florida.  *See* Docs. 1, 8.  Her projected release date, assuming she receives all good conduct time available to her, is February 21, 2015.  *See* Doc. 11 Attach. 1.

Case No. 4:11cv185-RH/CAS

Petitioner filed an administrative remedy requesting prior custody credit for time spent serving her state sentence in Tennessee.  Doc. 11 Decl. at 5.  The BOP reviewed Petitioner's case in accordance with the Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence, and the factors in Title 18 U.S.C. § 3621(b), to determine the applicability of a retroactive concurrent (Nunc Pro Tunc) designation.  *See* Doc. 11 Attach. 9.  The BOP determined that a Nunc Pro Tunc designation was not appropriate in Petitioner's case because at the time she was sentenced in federal court, she was subject to an undischarged state sentence.  *See id.* Attachs. 10 and 11.

Petitioner thereafter filed this § 2241 petition and a supporting memorandum. Docs. 1 and 2.  Petitioner raises the following grounds:

> (1) Whether, pursuant to the U.S. Constitution's Sixth Amendment, Petitioner was denied effective assistance of counsel because counsel did not ask for her federal sentence to run concurrently with her state sentence.  Doc. 1 at 3.

> (2) Whether, pursuant to the U.S. Constitution's Fifth Amendment, Petitioner is being deprived of life and liberty without due process where her state 16-year sentence is directly related and connected to her 130-month federal sentence and running the sentences consecutively "grossly inflates" Petitioner's sentence.  *Id.* at 4.

> (3) Whether, pursuant to the U.S. Constitution's Fifth Amendment, Petitioner was "held to answer" and "prosecuted" for an "infamous crime" without indictment or presentment of a grand jury.  *Id.* at 4-5.

> (4) Whether, pursuant to 28 C.F.R. § 541.12, Petitioner was not treated "fairly" and her Fifth Amendment due process rights were violated when she was sentenced to a consecutive sentence for the same offenses within "a common scheme that were substantially connected."  Id. at 5. Petitioner argues the BOP "refused to apply the Barden Act to her case, by making a retroactive nunc pro tunc designation to the state facility

where the Petitioner served a great deal of time" and the BOP "did not make a 'fair' decision in comparison with the action it took on other prisoners' cases," violating the BOP's duty "to treat all prisoners fairly and consistently." *Id.* at 5-6.

As relief, Petitioner requests credit on her federal sentence for time served on her state sentence and, accordingly, asserts she is entitled to immediate release. *Id.* at 6.

Respondent filed an answer and asserts that Petitioner's sentence was computed in accordance with federal statutes and BOP regulations. Doc. 11. Respondent explains that the BOP is responsible for sentence calculation decisions pursuant to 18 U.S.C. § 3585 and the BOP's interpretations of that statute are entitled to deference by the Court. *Id.* at 4. Respondent points out that Petitioner's federal sentence is silent regarding the state sentence she was serving at the time, and nothing suggests the federal court intended to have Petitioner's federal sentence run concurrently with her state sentence. *Id.* at 5. The BOP appropriately concluded that Petitioner was not entitled to Nunc Pro Tunc designation. *Id.*

In her reply, Petitioner asserts the BOP has "wide discretion to grant relief sought and should do so." Doc. 14 at 1. Petitioner asserts the BOP's conclusion that a Nunc Pro Tunc designation is not appropriate in her case because she was subject to an undischarged state sentence is inconsistent with action taken in other cases. *Id.* The sentencing court did not specifically say the federal sentence must run consecutive to the undischarged state sentence, and Petitioner believes "it's possible the sentencing court relied on the BOP to calculate the necessary adjustment to Petitioner's sentence." *Id.* at 2.

## Analysis

The Judiciary Act of 1789 granted federal courts the power to issue the writ of habeas corpus.  *See* United States v. Hayman, 342 U.S. 205 (1952).  The habeas remedy is now codified in 28 U.S.C. § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States."  As noted in Hayman, prisoners must bring habeas corpus applications in the district of confinement.  342 U.S. at 213.  Because courts with federal prisons in their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title 28.  *See* Hayman, 342 U.S. at 212–14, 218; *see also* Wofford v. Scott, 177 F.3d 1236, 1239 (11th Cir. 1999).

The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute channels challenges to the legality of the imposition of a sentence, while leaving § 2241 available to challenge the continuation or execution of an initially valid confinement.  *See* Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (explaining § 2255 is primary method of collateral attack on federally imposed sentence).  Thus, § 2241 provides an avenue for challenges to matters such as the administration of sentences or parole, prison disciplinary actions, prison transfers, and

certain types of detention.  *See* Antonelli, 542 F.3d at 1352 (petition challenging

decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas

v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is

properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th

Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits,

including calculation, awarding, and withholding, involves execution rather than

imposition of sentence, and thus is matter for habeas corpus).

In this case, Cunningham's § 2241 petition challenges the execution of her

sentence, specifically the decision of the BOP on her administrative request for Nunc

Pro Tunc credit for time served on her state sentence in Tennessee.  Although

Petitioner has raised four grounds, Grounds 1 and 3 as well as the parts of Grounds 2

and 4 that do not concern the Nunc Pro Tunc designation, actually constitute a collateral

attack on the validity of her federal conviction and sentence, and such challenges are

not appropriately addressed in a § 2241 proceeding; rather, they are more properly

brought under 28 U.S.C. § 2255 in the district of conviction.  *See, e.g.*, Antonelli, 542

F.3d at 1351; Bishop, 210 F.3d at 1303-04; Jordan, 915 F.2d at 629.

The U.S. Attorney General, acting through the BOP, administers a federal

defendant's sentence and initially has the exclusive authority to determine when a

federal sentence commences and compute sentence credit awards after sentencing.

18 U.S.C. §§ 3585(a), 3621(b); United States v. Wilson, 503 U.S. 329, 335 (1992);

Rodriguez v. Lamar, 60 F.3d 745, 747 (11th Cir. 1995).  A federal sentence

"commences on the date the defendant is received in custody [at] the official detention

facility" designated by the BOP.  18 U.S.C. § 3585(a).  Although the BOP must consider

a prisoner's request for concurrent service of sentences, the BOP is not obligated to

grant such a request as it falls within the BOP's discretion.  *See, e.g.,* Barden v.

Keohane, 921 F.2d 476, 478 (3d Cir. 1990); McCarthy v. Doe, 146 F.3d 118, 122 (2d

Cir. 1998); *see also, e.g.*, Pritchett v. United States, No. 3:10cv422-RV/CJK, 2012 WL

2568094, at *3 (N.D. Fla. May 25, 2012).

After a petitioner exhausts administrative remedies with the BOP, the district

court may review the constitutionality of the BOP's decision and statutory construction.

*See* Rodriguez, 60 F.3d at 747.  "[I]f congressional purpose is clear, then interpreting

courts and administrative agencies 'must give effect to the unambiguously expressed

intent of Congress.'" *Id.* (quoting Chevron U.S.A. Inc. v. Natural Resources Defense

Council, Inc., 467 U.S. 837, 842-43 (1984)).  If the statutory provision is silent or

ambiguous, the court must defer to the agency's reasonable interpretation unless the

interpretation is "'arbitrary, capricious, or manifestly contrary to the statute.'" *Id.* (quoting

Chevron, 467 U.S. at 844).

"The standard of review of the BOP's actions in denying [a] petitioner's request

for *nunc pro tunc* designation is limited to determining whether the BOP abused its

substantial discretion."  Pritchett, 2012 WL 2568094 at *3 (citing Fagans v. United

States, 506 F.3d 1101, 1103 (8th Cir. 2007); Espinoza v. Sabol, 558 F.3d 83 (1st Cir.

2009); McCarthy, 146 F.3d at 123).  As explained by the court in Pritchett:

> To guide the exercise of its discretion, the BOP promulgated
> Program Statement 5160.05 in January of 2003.  The Program Statement
> (hereinafter "PS 5160.05") is entitled "Designation of State Institution for

Service of Federal Sentence."  PS 5160.05 authorizes BOP Regional Directors to act on an inmate's request for *nunc pro tunc* designation of a state institution as the place to serve the inmate's federal sentence. Paragraph 8 declares that such a designation "will be made only when it is consistent with the intent of the federal sentencing court or with the goals of the criminal justice system."  The Program Statement further provides, in paragraph 9(b): "Normally, designating a non-federal institution for the inmate is done when it is consistent with the federal sentencing court's intent."  The court's intent may be discerned by (1) the federal sentencing court's order on the Judgment and Commitment Order, (2) the federal sentencing court's recommendation of non-federal confinement on the Judgment and Commitment Order, (3) the federal sentencing court's order, after imposition of sentence, of concurrent service of the federal sentence, (4) the federal sentencing court's indication that it has no objection to the inmate's request for a *nunc pro tunc* concurrent designation, or (5) the federal sentencing court's indication that it has no objection to the state's request that the federal and state sentences be served concurrently.

*Id.*; *see* Doc. 11 Attach. 10.

 In this case, the BOP reviewed Petitioner's request for nunc pro tunc designation and denied it finding her not eligible for such designation pursuant to 18 U.S.C. § 3621(b).  Doc. 11 Attach. 11.  The BOP indicated that the state sentence was imposed before the federal sentence, and no judicial recommendations existed regarding the concurrent or consecutive service of the federal sentence with the state sentence.  *Id.*  Indeed, as Respondent indicates, the federal sentencing court's judgment is silent regarding whether Petitioner's federal sentence was to run consecutive to or concurrent with her state sentence.  *See* Doc. 11 at 5 and Attach. 5. Pursuant to 18 U.S.C. § 3584(a) and Program Statement 5880.28, sentences imposed at different times run consecutively unless the court orders them to run concurrently. *See* Doc. 11 Attach. 9.

Petitioner Cunningham has not shown the BOP abused its discretion in denying

her request for Nunc Pro Tunc designation and, therefore, she is not entitled to federal

habeas relief.  This § 2241 petition should be denied.

## Conclusion

The Clerk shall substitute J.V. Flournoy for William Taylor as Respondent.  For

the reasons set forth above, it is respectfully **RECOMMENDED** that the petition for writ

of habeas corpus filed under 28 U.S.C. § 2241 (Doc. 1) be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on March 28, 2014.


S/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO PARTIES

**Within fourteen (14) days after being served with a copy of this report and
recommendation, a party may serve and file specific, written objections to the
proposed findings and recommendations.  A party may respond to another
party's objections within fourteen (14) days after being served with a copy
thereof.  Failure to file specific objections limits the scope of review of proposed
factual findings and recommendations.**