IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KELANA FAYE CUNNINGHAM,

    Petitioner,

v.                                       CASE NO.  4:11cv185-RH/CAS

J.V. FLOURNOY, WARDEN,

    Respondent.

_____/

## ORDER DENYING PETITION

      The petitioner Kelana Faye Cunningham was convicted and sentenced in Tennessee state court on seven counts of aggravated robbery and one count of attempted aggravated robbery.  Ms. Cunningham was convicted in the United States District Court for the Northern District of Mississippi on counts of carjacking and brandishing a firearm during the hijacking. The state sentence was imposed first.  The federal sentencing judge made no ruling or recommendation to the Bureau of Prisons on whether the federal sentence should be served concurrently with or consecutively to the state sentence.   Ms. Cunningham served the state sentence and is now serving the federal sentence.  The Bureau of Prisons

has refused to give credit on the federal sentence for the time served in state custody.

By a petition for a writ of habeas corpus under 28 U.S.C. § 2241, Ms. Cunningham seeks credit for the state time. The petition is before the court on the magistrate judge's report and recommendation, ECF No. 19. The report and recommendation concludes that the petition should be denied. No objections have been filed. The report and recommendation is correct and is adopted as the court's opinion, with these additional notes.

The § 2241 petition is a proper mechanism for challenging the Bureau's decision not to give credit. And the petition is properly brought in this district, where Ms. Cunningham is in custody. But the § 2241 petition is not a proper mechanism for challenging the federal sentencing judge's failure to rule or recommend concurrent sentences. Nor is the § 2241 petition a proper mechanism for other challenges to the conviction and sentence, including, for example, Ms. Cunningham's assertion that her attorney rendered ineffective assistance by failing to ask the federal sentencing judge to rule or recommend concurrent sentences. Assertions of this kind must be brought by a § 2255 motion in the district of conviction—that is, in the Northern District of Mississippi.

Ms. Cunningham has alleged no facts that would support an order requiring the Bureau of Prisons to give credit for the state time or requiring the Bureau of

Prisons to analyze that issue further. As the federal sentencing judge surely knew, in the absence of a contrary ruling or recommendation, the federal sentence would run consecutively to the undischarged state sentence, unless the Bureau of Prisons, as a matter of discretion, designated a state facility for service of the federal sentence. The judge did not rule or recommend that the sentences run concurrently. Whether viewed from the judge's perspective or the Bureau's, the decision not to make the sentences concurrent was reasonable; these were different violent crimes in different jurisdictions. Prosecutors sometimes say that "concurrent time is no time." One need not go that far to recognize that making these sentences wholly concurrent would in effect have imposed on Ms. Cunningham little punishment for the series of Tennessee crimes.

For these reasons and those set out in the report and recommendation,

IT IS ORDERED:

The report and recommendation is ACCEPTED. The petition is DENIED. The clerk must close the file.

SO ORDERED on May 16, 2014.

                                        s/Robert L. Hinkle
                                        United States District Judge